IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT L. JENKINS,  :
CAROLINE J. BARNES,  :
: 
    Plaintiffs  :
:
    VS.  :    CIVIL ACTION NO.: 7:10-CV-71 (HL)
:
LOWE'S HOME CENTER, INC.,  :
*et al.*,  :
:    <u>**ORDER**</u>
    Defendants  :

Plaintiff **ROBERT L. JENKINS**, an inmate at the Southern State Correctional Facility in Delmont, New Jersey, filed an action, which he states is a "Civil Action authorized by 41 (sic) U.S.C. § 1983 to redress the deprivation, under color of State law, or Rights secured by the Constitution of the United States." (Compl., p. 1). He filed this action in the United States District Court, District of New Jersey. That Court transferred the action to the this Court because "all or a substantial part of the events or omissions giving rise to the claim occurred [in the Middle District of Georgia] and . . . the Complaint suggests that all defendants can be found [in the Middle District of Georgia]." (R. at 4).

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from

such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Robert Jenkins states that he is bringing this action under 42 U.S.C. § 1983. In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant

2

cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Robert L. Jenkins has named both himself and Caroline J. Barnes as plaintiffs in this action. Mr. Jenkins states that he is a "prisoner of the State of New Jersey Department of Corrections" and that Caroline J. Barnes is "a black American woman residing at 2741 Dogwood Circle[,] Valdosta, Georgia." (Compl., p. 2). Ms. Barnes has not signed the complaint in this action, nor has she sought leave to proceed *in forma pauperis*. Instead, it appears that Mr. Jenkins is attempting to bring this action on her behalf. Mr. Jenkins states that he is "a prisoner submitting on behalf of plaintiff (Caroline J. Barnes)." (Compl., p. 7).

Robert Jenkins maintains that "on or about September 19, 2008 the plaintiff selected and purchased a signature brand exterior house and trim paint" from Lowe's Home Center, Inc. ("Lowe's"). (Compl., p. 4). He states this was for "stage one of plaintiff's home improvement project." (Compl., p. 4-5). According to Mr. Jenkins, either he or Ms. Barnes returned to Lowe's on September 29, 2008 to purchase more paint and the "purported technicians chemically prepared, and sold plaintiff a bogus brand" that "result[ed] in the discoloration of plaintiff (sic) home until this day." (Compl., p. 5). Thereafter, either he or

3

Ms. Barnes complained to customer service at Lowe's on October 1, 2008. Mr. Jenkins states that defendant Corbin Neely agreed to replace 10 gallons of paint and "scheduled an appointment with painter [Robert Jenkins] and Assistant Manager Scott Storey." (Compl., p. 5). According to Mr. Jenkins, Corbin Neely hired and paid him an undisclosed amount of money "to reapply the corrected product," but then "refused to supply the additional (correct) product for job completion" so Caroline Barnes' home was left discolored. (Compl., p. 5).

Mr. Jenkins states that "Corbin Neely begin (sic) a series of encroachment phone calls to the plaintiff (Caroline Barnes) apparently concluding that (1) she was uneducated, and (2) could not be the homeowner" and this violates "plaintiff's Constitutional and Statutory Civil Rights" under 42 U.S.C. § 1981, 1982, 1983, and 1985. (Compl., p. 6). Mr. Jenkins states that the defendants "went in disguise on the plaintiff (sic) property for the sole purpose of depriving said rights either directly or indirectly on or about November 25, 2008." (Compl., p. 6). Mr. Jenkins alleges that Ms. Barnes "has been deprived of rights which, under similar circumstances, would have been accorded to a white person." (Compl., p. 6).

Apparently, in October 2008, Ms. Barnes filed a complaint against Lowe's in the Magistrate Court of Lowndes County. According to an exhibit attached to Mr. Jenkins' complaint, "Caroline Barnes filed a lawsuit against [Lowe's] . . . apparently alleging negligence as a result of selling [her] the wrong paint." (Compl., p. 10-11). On November 28, 2008, Lowe's filed a "Notice of Negligence of Non-Party" that named Mr. Jenkins as the non-party who was wholly or partially at fault for the events that gave rise to the lawsuit. (Compl., p. 10-11). Mr. Jenkins does not disclose the outcome of this lawsuit.

Mr. Jenkins requests the Court allow him to proceed in this action on behalf of

4

Caroline Barnes; prohibit all defendants from harassing or retaliating against either plaintiff; and award plaintiffs 17 million in compensatory damages along with 4 million in punitive damages. (Compl., p. 7-8).

As noted above, Caroline Barnes has not signed this complaint. Pursuant to Fed. R. Civ. Proc. 11, every pleading must be signed by the party personally if she is unrepresented by counsel. Therefore, the Court finds that Robert Jenkins is the sole plaintiff in this action. Should Caroline Barnes wish to file a civil action in this Court, she may do so. However, she will need to sign any complaint that she files and either pay the $350.00 filing fee or petition the Court to proceed *in forma pauperis* and complete the necessary non-prisoner *in forma pauperis* affidavit.

Additionally, the Court finds that Robert Jenkins has no standing to assert claims on behalf of Caroline Barnes. Mr. Jenkins states that Lowe's and its employees have violated Ms. Barnes' rights under 42 U.S.C. § 1981, 1982, 1983, and 1985. However, Mr. Jenkins does not appear to be the appointed guardian, conservator, or other official representative of Ms. Barnes. Therefore, Mr. Jenkins has no standing to sue on behalf of Ms. Barnes for any alleged violations of her constitutional rights. **See generally Allen v. Wright**, 468 U.S. 737, 751 (1984) (a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court). If Ms. Barnes wishes to exercise her legal rights, she must do so on her own behalf.

Finally, to any extent that Mr. Jenkins is attempting to file a 42 U.S.C. § 1983 action on his own behalf, he has not shown that any of the defendants' alleged acts or omissions have deprived him of a right, privilege, or immunity secured by the Constitution of the United States. **See Wideman v. Shallowford Community Hosp., Inc.**, 826 F.2d 1030, 1032

(11th Cir. 1987). Additionally, Lowe's and its employees are not state actors. "A successful section 1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Mr. Jenkins has not shown that any actions taken by Lowe's or its employees were undertaken "under color of state law." *Id*. Specifically, Lowe's and its employees are private parties; not state actors subject to liability under § 1983. *See Hogland v. Athens Reg'l Health Servs*., No. 3:04-CV-50, 2005 U.S. Dist LEXIS 7763 at *28-29 (M.D. Ga. Jan. 21, 2005).

Finally, the results of the civil action filed by Ms. Barnes against Lowe's in the Magistrate Court of Lowndes County are unclear. However, to any extent that Robert Jenkins seeks to appeal the ruling of that case, a federal district court does not have authority to act as a court of appeals to challenge a decision of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Based on these findings, this action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[1]

**SO ORDERED**, this 3rd day of August, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] The Application for Pro Bono counsel is **DISMISSED AS MOOT**.